MORGAN LUMBER COMPANY, Plaintiff in Error, v. GRANT JAMES, Defendant in Error.

Western Section. June 30, 1931.

Petition for Certiorari denied by Supreme Court, March 12, 1932.

306

Pigford & Key, of Jackson, for plaintiff in error.
N. R. Barham and T. W. Pope, of Jackson, for defendant in error.

SENTER, J. The parties will be referred to as in the court below, Grant James, plaintiff, and W. G. Morgan Lumber Company, defendant.

In this cause plaintiff sued the defendant, W. G. Morgan, operating under the firm name of W. G. Morgan Lumber Company, for damages resulting from alleged personal injuries sustained by plaintiff while in the employ of the defendant, in operating a saw mill, alleged to belong to the defendant. The declaration alleges in substance that on and prior to September 26, 1929, the defendant was engaged in the operation of a saw mill at or near Serles, in Hardiman County, Tennessee; that prior to said date the defendant employed plaintiff to work at said saw mill, his duties being among other things to operate by means of a lever a carriage on which logs were conveyed to and from the saw; that on the 16th day of September, plaintiff while engaged in operating the carriage which conveyed logs to the saw, received the injuries complained of as the result of the negligence of another employee of the defendant who was employed to off-bear the lumber as the same was sawed from the logs.

The declaration avers that on the 16th day of September and prior thereto the defendant had in its employ in the operation of said saw mill five or more employees and came within the terms and scope and provisions of the Workmen's Compensation Act of Tennessee; that the defendant had not on or before the 16th day of September, 1929, exempted or excepted itself from the provisions of the said Act, and had not posted or kept posted on said mill project or yard or premises a written or printed notice of his election not to be bound by the provisions of the Act, and had not filed a duplicate of said

notice with the Bureau of Workshop and Factory Inspectors of the State of Tennessee, and that the defendant had failed to effect the insurance required under the Workmen's Compensation Act of Tennessee, and refused and wilfully neglected to file with the Insurance Commissioner of the State of Tennessee evidence of its compliance with the provisions of said Act relating to insurance or indemnity to employees as required by Section 41 of said Act. Plaintiff, Grant James, had prior to September 16, 1929, accepted the provision of said Act, and had never excepted himself from its terms and provisions.

The declaration sets out the way and manner in which plaintiff received the injuries complained of, and the alleged acts of negligence of the off-bearer in the employ of defendant.

To the declaration of plaintiff, the defendant filed a plea, in which the general issue of not guilty is pleaded. At the conclusion of all the evidence the defendant moved the court for a directed verdict in its favor, which motion was overruled and disallowed. The jury returned a verdict in favor of plaintiff for the sum of $1500. A motion for a new trial was duly made, which motion was overruled and disallowed, and judgment rendered on the verdict. From the action of the court in overruling its motion for a new trial and in rendering judgment in favor of plaintiff, the defendant prayed and was granted an appeal in the nature of a writ of error to this court. The appeal has been perfected and numerous errors assigned.

Appellant does not discuss each of the assignment of errors separately, but states in the brief that the several assignments of error will be treated and placed in groups consisting of two major and two minor propositions.

The principal defense made by the defendant, both at the hearing in the lower court and in this court, is that the plaintiff was not an employee of the defendant, but was an independent contractor, and had contracted with the defendant to operate the saw mill belonging to defendant, and to saw the lumber at the price of $6 per thousand feet, and to pay all the expenses incident to sawing the lumber and stacking the same on sticks on the saw mill lumber yard, and that the relation which existed between plaintiff and defendant was not that of employer and employee, but that of an independent contractor. It being further contended by defendant that the Workmen's Compensation Act does not apply to the defendant, in that the defendant was not engaged in the operation of said saw mill, and did not employ any labor in connection with the operation of the saw mill, and was merely the owner of the mill and the logs to be sawed, and contracted with plaintiff to produce the lumber from the logs, and to pay all the expenses incident thereto, and for which the

defendant contracted and agreed to pay to plaintiff the sum of $6 per thousand feet of lumber sawed.

The second proposition for which defendant contends is, that there is no evidence in the record that the defendant or any of its agents, servants or employees was guilty of any negligence which contributed to the injuries alleged to have been sustained by plaintiff in the operation of the saw mill, and that plaintiff's injuries were the result of his own negligence, which was the sole cause of his injury, and for which the defendant would not be liable. These are the two major propositions relied upon both in the lower court and in this court by the defendant.

The minor propositions are directed to the exclusion by the court of certain expert evidence offered by the defendant to prove the duties of the sawyer operating the saw mill carriage and lever, which conveys the logs to the saw, and after the plank is sawed off returns the log to be set for another cut. And to the action of the court in refusing to give certain special requests made by defendant in charge to the jury; and in giving special request No. 3 of plaintiff.

It is also contended under certain assignments of error that there was no evidence offered by plaintiff to support the averments in the declaration that the operation of the saw mill as it was being operated comes within the provisions of the Workmen's Compensation Act, in that there was no evidence offered by plaintiff that there were more than five persons employed at the mill, and no evidence in the record that the defendant had elected not to operate under the Workmen's Compensation Act, or that defendant had not complied with the Workmen's Compensation Act.

We will, in this opinion, follow the plan adopted by appellant, and dispose of these several questions in the same order, and without undertaking to separately discuss each of the several assignments.

We think the most important question presented is the first proposition above referred to, viz., whether plaintiff was an employee of the defendant, or an independent contractor. In disposing of this question it becomes necessary to consider the evidence for the purpose of determining if there is any conflict as to the facts under which plaintiff was running the saw mill. Plaintiff testified that he was an experienced saw mill man, and was at the time of the alleged contract unemployed; that the defendant was the owner of a large tract of timber land in Hardeman County, and owned a saw mill; that defendant employed him to operate the saw mill and to cut the logs into lumber and stack same on the yard, and proposed to pay to plaintiff in lieu of a stipulated wage or salary, $6 per thousand feet of lumber sawed at the mill and stacked, out of which plaintiff was

to pay for the labor, and to receive as his wages or compensation the difference in $6 per thousand feet of lumber sawed and stacked and the labor expense incident to the operations; that the labor which was employed was in the main men who were working on the farm of the defendant and had previously been engaged in working for defendant at the saw mill; that the defendant lived in Jackson, Tennessee, and had in his employ as his agent a Mr. Stevens, who looked after the affairs and the business of operating defendant's farm and his timber, and that this agent suggested the men to employ and also the wages to be paid them. Plaintiff further testified that he was not personally authorized to employ the labor on his own account, or to discharge men employed at the mill, but that he had the right to recommend the discharge or dismissal of any of the men employed at the mill. He testified that the contract was in parol and that he did not exercise the sole supervision, but was to a certain extent under the direction of Mr. Stevens, the agent and representative of W. G. Morgan, the owner of the mill and timber; he also testified that W. G. Morgan paid for all the repairs to the mill.

W. G. Morgan testified that he contracted with plaintiff to saw the lumber at $6 per thousand feet stacked on the yard, and that neither he nor any agent had any control of the employment or discharge of labor or any control of the operation of the mill, and that he was only interested in the result of the operation of the mill. Several witnesses for the defendant testified that they were employed by plaintiff to work at the mill, and that they were paid by plaintiff. W. G. Morgan admits that under the first weeks operations, he paid the wages of those employed at the mill, and charged same against the $6 per thousand feet which plaintiff was to receive, but that he did this because plaintiff sent the pay roll to him with the request. W. G. Morgan testified that after the first week he notified plaintiff that he did not want to issue separate checks in payment of the wages of the respective employees, but would pay to plaintiff the $6 per thousand for all lumber sawed and stacked for the week, and plaintiff could then pay the employees out of the $6 per thousand, and that this was the plan he had in mind at the time the contract was made. He testified that he at that time informed plaintiff that he had not qualified under the Compensation Act and did not want to be subject to the Act, and for which reason he would pay plaintiff the contract price of $6 per thousand feet, and let plaintiff pay the labor, so that it would not appear that he was operating the mill. Plaintiff testified that there was no fixed amount of lumber that would be sawed at the mill under the contract and no agreement or understanding as to how long the contract would continue. He further testified that in sawing the lumber and operating the mill he followed

the instructions of Mr. Morgan. Mr. Morgan testified that there was no time limit to the contract, and no stated amount of timber to be sawed, but testified that the mill would be operated by plaintiff under the contract as long as the logs could be hauled to the mill, and that when the roads got too bad for hauling the contract would be terminated. It appears that no mention was made between the parties as to how long the contract would continue, and Mr. Morgan did not testify that any mention was made as to how long the mill would be operated or how much timber would be sawed under the contract, but stated that when the roads got too bad to haul timber the operations would have to cease.

The question of distinguishing between an independent contractor and a mere employee is not free from difficulty. In 28 R. C. L., page 762, Section 57, the rule is thus stated:

"One who contracts with another to do a specific piece of work for him, and who furnishes and has the absolute control of his assistants, and who executes the work entirely in accord with his own ideas, or with a plan previously given by him by the person for whom the work is done. without being subject to the latter's orders in respect to the details of the work, with absolute control thereof, is not a servant of his employer, but is an independent contractor. This is the common law definition, and it embodies the rule applicable under the statutes, inasmuch as the Acts do not attempt any definition. The test is to be found in the fact that the employer has or has not retained power of control or superintendence over the contractor or employee."

In 14 R. C. L., pages 68, 69, Section 4. this subject is further discussed and wherein it is said:

"As a practical proposition. every contract for work to be done reserves to the employer certain degree of control—, at least to enable him to see that the contract is performed according to the specifications. The employer may exercise a limited control over the work without rendering the employee a mere servant, for the relation of master and servant is not inferable from the reservation of powers which do not deprive the contractor of his right to do the work according to his own initiative so long as he does it in accordance with the contract. The control of the work reserved in the employer which makes the employee a mere servant is a control, not only of the result of the work, but also of the means and manner of the performance thereof: where the employee represents the will of the employer as to the result of the work but not as to the means or manner of accomplishment, he is an independent contractor. Thus a person employed to perform certain work is not necessarily a mere servant because the contract provides that the

work shall be done subject to the approval or satisfaction of the employer. Such a provision is not an assumption by the employer of the right to control the employee as to the details or methods of doing the work, but is only that the employer may see that the contract is carried out according to the plans."

In the same volume, on page 68, Sec. 3, it is said:

"The ultimate question is not whether the employer actually exercises control over the work, but whether he has the right to control."

In the case of Powell v. Construction Co., 88 Tenn., 691, 13 S. W., 691, is defined an independent contractor as follows:

"An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to control of his employer, except as to result of work."

Appellant in addition to citing and relying upon above authorities. cites the case of McHarge v. Newcomer & Co., 117 Tenn., 595, 100 S. W., 700, where it is said by the court:

"Where the occupants of a store house contract with an awning manufacturer, constructor, and repairer, to put their awnings in proper condition for what the job is worth, exercising his own judgment as to the means and manner of doing so, without directions from the proprietors as to how the repairs should be made and without any control by them over the instrumentalities to be used in doing the work, such repairer is an independent contractor and not a mere servant or employee."

The court in that case quotes with approval this statement of the rule:

"An independent contractor, within the meaning of this rule, is one who renders services in the course of an occupation, representing the will of his employer only as to the result of the work, and not as to the means by which it is accomplished."

In Powell v. Construction Co , 88 Tenn., 697, in discussing this question, the court, speaking through Mr. Justice Lurton, quotes from Thompson on Negligence, as follows:

"In every case the decisive question is, had the defendant the right to control in the given particular the conduct of the person doing the work."

In Gulf Refining Co. v. Huffman, 155 Tenn., at page 587, 297 S. W., 199, the same rule is quoted with approval. In that case the court, after quoting the rule as announced by Thompson on Negligence above quoted said:

"It is the reservation of the right of control of essential details, either express or implied, rather than the actual exercise

of the right, that distinguished the relationship of responsible principal from that of an employee of an independent contractor.''

In the same case at page 582, it is said:

''Whether one is or is not an independent contractor is often on the record presented a mixed question of law and fact. It is so in this case. Evidence was properly admitted showing the dealings between the parties, their course of business, authority exercised by the company, etc. . . .''

In the 7th headnote to the case of Mayberry v. Chemical Co., 160 Tenn., 460, it is said:

''It is necessary that the employer relinquish his right to control and direct the employee to constitute an independent contractor. Where the entire contract is in writing and is definite and unambiguous in its terms, or where the contract rests in parol and the facts are clear and undisputed, the question of the relationship of the parties is one of law. On the other hand, where the evidence is conflicting and more than one inference can be drawn therefrom, the question as to whether the employee is a servant is one of fact.''

In the Mayberry case the question there presented was whether one employed to cut timber by the cord for the chemical company was an employee or an independent contractor, was held to be a mixed question of law and fact, and where the evidence showed that the employee was cutting wood under the direction of the superintendent and was being paid by the cord, it was held that he was a servant and not an independent contractor. In that case it was also held that where an unskilled person seeks the service of a skilled mechanic or builder, the relationship is ordinarily that of an independent contractor. In such a case the employer expects the employee to obtain the desired result without his control or direction.

In the present case we find that there is some conflict in the evidence with reference to the parol contract, and especially on the matter of selecting the other employees, and the wage scale to be paid. According to the evidence of plaintiff, the agent and representative of the defendant fixed the amount of wages to be paid to the employees at the mill. And according to plaintiff's evidence he was operating the mill under the direction of W. G. Morgan and his agent. This constituted some evidence in support of the theory of plaintiff, that is that he was an employee and not an independent contractor. In addition to the general charge to the jury on the question as to the respective contentions of the parties, the trial judge gave the special request No. 3 tendered by plaintiff, and in which plaintiff sets out his theory as follows:

"On behalf of the plaintiff it is insisted that the defendant W. G. Morgan was the owner of the tract of timber land, a farm and a saw mill located thereon, near a place called Serles, in Hardiman County; that the defendant Morgan in order to try to stimulate the out-put of the mill in sawing logs into lumber for the market, proposed to make and did make with the plaintiff a contract, by which the plaintiff was to and did take charge and control of the mill in its operation, and that plaintiff was to receive as full compensation to him for his services as such supervisor and manager whatever profits could be realized thereon on the basis of $6 per thousand feet of lumber to be sawed by the mill, after deducting therefrom the cost of paying the hands or men necessarily used by the plaintiff in operating said mill, and it is insisted that it was while working under this contract and agreement, the plaintiff was running and operating the saw at said mill; that while thus engaged plaintiff was injured, in that his leg was broken in some two or three places, by and through the negligence of another employee of defendant in failing to perform a duty of removing a piece of lumber or slab from the saw carriage, and thereby causing said slab or piece of lumber to be hurled back against him, and breaking plaintiff's leg in several places and otherwise seriously injuring him. Now, if these are the facts as shown by the proof, the defendant would be liable to the plaintiff, and your verdict should be for the plaintiff and against the defendant."

At this point we will say that the granting of the above special request by the court is made the basis of one of the assignments of error, and by which it is said that this instruction is not a correct statement of the law under the facts of this case. We think this special request was properly granted, and was warranted under the facts and especially the evidence of plaintiff.

The defendant tendered numerous special requests to be given in charge, all of which were refused by the court, except the tenth. The tenth request tendered by defendant was given by the court and is as follows:

"In this case it is insisted by the defendant, W. G. Morgan, that the plaintiff, Grant James, was not his employee, but was an independent contractor; that defendant made a contract with the said Grant James by which the said defendant turned over to the said Grant James his saw mill at Serles, Tennessee, in good running order and agreed to pay to the said Grant James the sum of $6 per thousand feet for cutting logs into lumber at said mill; that the defendant did not reserve or exercise any right of control over the operation of the mill, the per-

formance of the work, or the manner or method of performance, and that he did not employ, hire or authorize the said James to employ or hire for the defendant any of the servants that should be used by the said James in the performance of his contract; that after they were hired by the said James, the said Morgan exercised no control over said employee, and that he had no right to exercise control over them. If you find these to be the facts, and that this was the contract between plaintiff, Grant James, and the defendant, W. G. Morgan, the said Grant James was an independent contractor and the said Morgan would not be liable to the said James for any injuries which he sustained in carrying out his contract, and you should find for the defendant.''

This instruction contained in said special request offered by defendant, and given by the learned trial judge, is certainly a very liberal charge in favor of the defendant. It fully meets every contention made by the defendant on the question of an independent contractor, and we think is quite as favorable as the recognized definition and rule of what constitutes an independent contractor would warrant. The court recognized that there was a conflict in the evidence as to just how this mill was operated, and as to whether there was any control or right of control reserved by the owner in the operation of the mill, or in the matter of procuring the labor and other matters incident to its operation. There being a conflict, and the contract being in parol, it became a question of fact to be determined by the jury under a proper instruction from the court. We think the court properly instructed the jury with reference to the respective theories, and there being some evidence to support the verdict, it cannot be disturbed by this court on appeal.

As to the second major proposition presented by the assignments of error, that is as to whether there was any evidence of negligence on the part of the off-bearer that occasioned or contributed toward the injury of plaintiff, there was a conflict in the evidence. There was some evidence to the effect that this man employed to off-bear the lumber when sawed from the log, was negligent and inattentive to his duties. It appears that it was his duty to take the planks sawed from the log and put them on moving rollers that carried the plank off, and that he negligently failed to perform this duty, and that the plank or slab sawed from the log was permitted to hang onto the carriage and with the return of the carriage it was thrown against plaintiff, breaking his leg in three places. We think there was some evidence of negligence on the part of this employee, and there being some evidence to sustain the verdict it cannot be disturbed on appeal.

If this case is properly brought under the Workmen's Compensation Act, and if this mill was in reality being operated by appellant and not by an independent contractor, we think there was sufficient evidence in the record, and especially in view of the admission of counsel at the trial of the case, that the Compensation Act had not been complied with, and especially in view of the statement of Morgan that he was trying to avoid compliance with the Act by having it operated by an independent contractor, we think it conclusive that the Workmen's Compensation Act applies, and in which event plaintiff had the right to elect whether he would sue for compensation according to the scale as provided by the Act, or whether he would sue at law, and he elected to sue at law, and by the provisions of the Act the defendant could not rely upon the negligence of plaintiff, nor upon assumed risk of plaintiff of the danger of the employment, or of the negligence of the fellow servant, as these defenses are specifically denied under the Act. This being true, we think plaintiff was entitled to recover for his injuries under the provisions of the Act, the jury having determined that plaintiff was not an independent contractor, and having determined that the off-bearer was guilty of negligence that contributed to the injury.

On the question of the competency of the expert evidence offered by the defendant and excluded by the court, we think this evidence was properly excluded since it was not material if the Workmen's Compensation Act applied. The assignments of error based upon the exclusion of this evidence are accordingly overruled.

We are also of the opinion that the court properly refused to give the other nine special requests tendered by the defendant. These special requests, where proper, were either covered by the general charge or by the special request No. 10 hereinbefore quoted, tendered by defendant and given in charge by the court.

In conclusion, we are of the opinion that there was some evidence to warrant the jury in finding that the plaintiff was an employee and not an independent contractor in the operation of the saw mill; that there was some evidence in the record to warrant the jury in finding that the employee, off-bearer, was negligent in the performance of his duties, and that this negligence was one of the proximate causes of the injury sustained by plaintiff; and that the evidence warranted the holding by the lower court that the operation of this mill by the defendant is within the Workmen's Compensation Act, entitling plaintiff to elect his remedy, and to sue at law, as was done in the case.

It follows that we find no error, and the judgment is accordingly affirmed. Appellant and surety on the appeal bond will pay the cost of this appeal.

## OPINION ON PETITION TO REHEAR.

Plaintiff in error has filed a petition seeking a rehearing by this court and an additional finding of facts. The first question presented by the petition is, that there was no evidence to support the averment in the declaration to the effect that James had accepted the provisions of the Workmen's Compensation Act and had never exempted himself from its terms and provisions. It being further contended by plaintiff in error in the petition to rehear that by the plea of general issue tendered by plaintiff in error, the burden of proving this material allegation was upon the defendant in error.

To this contention we cannot agree. The Workmen's Compensation Act provides as follows:

"That from and after the taking effect of this Act every employer and every employee, except as herein stated, shall be presumed to have accepted the provisions of this Act, respectively, to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment, and shall be bound thereby, unless he shall have given prior to any accident resulting in injury, or death, notice to the contrary in the manner herein provided."

When it is made to appear by proof that the Workmen's Compensation Act applied to the employer, and an employee is injured in the course of employment, the employee is presumed to have accepted the provisions of the Act, and this presumption continues until the contrary appears by proof.

We have been cited to no case which places a different construction on the above quoted language from the statute in question. The record in this case shows that there were more than five employees working at the mill at the time defendant in error received his injuries. It is also shown that the injuries were received in the course of the employment. If the defendant in error was an employee, as found by the jury under a proper instruction by the court, and not an independent contractor, the Workmen's Compensation Act applied. There is nothing in the record that remotely tends to show that defendant in error had given notice prior to the accident resulting in his injury, that he did not accept the provisions of the Workmen's Compensation Act. It only appears that he was working at this saw mill, and the jury found, and the trial judge concurred in the finding by overruling the motion for a new trial, that the relation of employer and employee obtained between plaintiff in error and defendant in error, and not an independent contractor. In the opinion affirming the judgment this court held that there was some evidence to support the verdict, which is a holding that there was some evidence to support the theory of defendant in error that

he was an employee and not an independent contractor. The other facts appearing in the record made the Workmen's Compensation Act applicable, and the presumption is expressly created by the Act that he accepted the provision of the Act, unless the contrary appears. We may add that this question was not directly relied upon by plaintiff in error at the trial of the case, nor in the motion for a new trial, nor by any special request tendered by defendant below for further instructions. The whole theory of the defendant below, both at the trial and in the motion for a new trial, was that the plaintiff below was an independent contractor operating the saw mill and was not an employee of the defendant below.

The petitioner makes the further question in the petition to rehear that on page 14 of the opinion by this court we assume that this action was brought under the Workmen's Compensation Act. In the opinion this court stated on this subject as follows: "We think it conclusive that the Workmen's Compensation Act applies." In the petition to rehear it is contended that this court erroneously stated in the opinion that the suit was brought under the Workmen's Compensation Act. We did not state in the opinion that the suit was brought to recover compensation, but we did say that the suit was brought under the provisions of the Workmen's Compensation Act, meaning that plaintiff below elected to sue at law as provided by the Workmen's Compensation Act, and the employer not having complied with the Act, he could not rely upon the defenses of assumed risk, contributory negligence, or the fellow servant's doctrine. And it was in this sense that the suit was brought under the Workmen's Compensation Act.

Petitioner directs attention of the court to our holding on the question of the competency of expert evidence offered by defendant and excluded by the trial judge, and wherein we said in the opinion: "We think this evidence was properly excluded since it was not material if the Workmen's Compensation Act applies." This statement was made in connection with a discussion of the evidence that if it appeared that plaintiff below was guilty of contributory negligence in operating the saw mill carriage, and there was any evidence that the off bearer, a fellow employee, was guilty of any negligence that contributed proximately to the injury to plaintiff, that under the provisions of the Compensation Act, the contributory negligence of plaintiff below could not be relied upon by the defendant below.

The opinion by this court fully discussed these questions. We held that there was some evidence tending to show negligence upon the part of the off bearer that contributed proximately to plaintiff's injury, and under the rule it became a question of fact to be submitted to the jury. The slab sawn from the log was detached before the re-

turn of the carriage. It was the duty of the off bearer to place the slab by moving it, after it was detached from the log, on the live rollers which conveyed it away and in an opposite direction from the return operation of the saw carriage. There was some evidence that he failed to perform this duty, or that he negligently performed the duty.

The expert evidence offered by the defendant below and excluded by the learned trial judge was intended to show that the operator of the saw mill carriage is required to operate same in a certain way and manner, and if it was not so operated by plaintiff below, it would show negligence on his part. If the negligence of the plaintiff be conceded and there was also negligence of the off bearer, it would not affect the right of plaintiff to recover, hence, the expert evidence offered was immaterial, since contributory negligence could not be relied upon under the provisions of the Workmen's Compensation Act where the plaintiff elected to sue at law and not for compensation.

We think this disposes of all questions made in the petition for a rehearing and an additional finding of facts. It results that the petition to rehear is overruled. Petitioner and sureties on the appeal bond will pay the cost of the filing of this petition.

Heiskell and Owen, JJ., concur.